IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

    Plaintiff,                                No. 2:11-cv-01758 JAM KJN PS

    v.

SPRING LEAF FINANCIAL
SERVICES INC.,

    Defendant.                            ORDER
_____/

        Plaintiff is proceeding without counsel.[1]  On July 1, 2011, plaintiff filed a complaint, an application for a temporary restraining order, and an application to proceed in forma pauperis. (Dkt. Nos. 1-2.)  Plaintiff's application for a temporary restraining order was denied on July 1, 2011, on the grounds that "plaintiff appears to have no likelihood of success of the merits of his complaint." (Order, July 1, 2011, at 2, Dkt. No. 3.)

        Presently before the court is plaintiff's application to proceed in forma pauperis. For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2).  Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

I.       Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.      Screening of Plaintiff's Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

Here, plaintiff's one-page complaint, which was combined with his application for a temporary restraining order, alleges that plaintiff's property located at 420 Las Palmas Avenue, in Sacramento, California, was sold while plaintiff "was in protection of bankruptcy Ch. 13 Case-11-21458-B-13J," and that the sale occurred without notice to plaintiff. (See Compl. at 1.) Attached to plaintiff's complaint is a "Notice to Quit" addressed to plaintiff from defendant. Plaintiff requests that "due process of law be restored." (Id.)

Senior United States District Judge Lawrence K. Karlton's order denying plaintiff's application for a temporary restraining order directs the result in regards to the screening of the complaint.[2] In his order, Judge Karlton stated, in part:

---

[2] Although United States District Judge John A. Mendez is the district judge assigned to this matter, Judge Karlton resolved plaintiff's application for a temporary restraining order because Judge Mendez was not available to address plaintiff's request for emergency relief. (See

3

> [T]he complaint does not state any basis for the relief sought, other than the allegation that the property was sold on June 3, 2011, while the bankruptcy was on-going. However, the records of the bankruptcy court establish that the referred-to bankruptcy case was dismissed in its entirety on April 14, 2011 (Bankr. Dkt. No. 45), and that plaintiff's motions for reconsideration were denied, most recently on June 10, 2011 (Bankr. Dkt. No. 77).[3]

(Order, July 1, 2011, at 1-2.) Consistent with Judge Karlton's order, the undersigned concludes that plaintiff's complaint does not state a claim for relief that would afford him the relief sought. Accordingly, the undersigned dismisses plaintiff's complaint. However, such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint that states a viable claim for relief, if he is able to do so.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2.   Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint." Plaintiff must file an original and one copy of the First Amended Complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.[4] Additionally, plaintiff is informed that the

---

Order, July 1, 2011, at 2 n.1.)

[3] The bankruptcy action referred to in the complaint and in Judge Karlton's order is petition number 11-bk-21458 (E.D. Cal. Bankr.). The court may take judicial notice of court records and other matters of public record. See, e.g., Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Manufactured Home Cmtys. Inc. v. City of San Jose, 420 F.3d 1022, 1037 (9th Cir. 2005); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

[4] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

1  court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

IT IS SO ORDERED.

DATED: July 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing <u>in</u> <u>propria</u> <u>persona</u>. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

<u>See also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).