1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DEAN,

11        Plaintiff,                    No. 2:11-cv-01758 JAM KJN PS

12        v.

13   SPRING LEAF FINANCIAL SERVICES INC.,

14        Defendant.              <u>ORDER</u>
     _____/

15

16        Plaintiff is proceeding without counsel and in forma pauperis.[1]  In an order

17   entered July 7, 2011, the undersigned: (1) granted plaintiff's application to proceed in forma

18   pauperis; (2) screened plaintiff's complaint pursuant to 28 U.S.C. § 1915; and (3) dismissed

19   plaintiff's complaint with leave to amend.  (Order, July 7, 2011, Dkt. No. 4.)  Plaintiff timely

20   filed an Amended Complaint on July 18, 2011 (Dkt. No. 5).  In this order, the undersigned

21   screens plaintiff's Amended Complaint and dismisses it with leave to amend.

22   I.    <u>SCREENING STANDARDS</u>

23        As conveyed to plaintiff in a prior order, the determination that a plaintiff may

24   proceed in forma pauperis does not complete the required inquiry.  The court is also required to

25   _____

26   [1]  This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1   screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2);

2   see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C.

3   § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute

4   if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or

5   malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks

6   monetary relief against an immune defendant.

7           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Franklin v. Murphy, 745 F.2d 1221,

9   1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is

10  based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.

11  Neitzke, 490 U.S. at 327.

12          In assessing whether a plaintiff's complaint fails to state a claim on which relief

13  can be granted, the court adheres to the "notice pleading" standards.  Under the notice pleading

14  standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a

15  "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ.

16  P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130

17  S. Ct. 1053 (2010).  A complaint should be dismissed for failure to state a claim if, taking all

18  well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

19  relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

20  Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial

21  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

22  inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty.

23  Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The

24  court accepts all of the facts alleged in the complaint as true and construes them in the light most

25  favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is

26  "not, however, required to accept as true conclusory allegations that are contradicted by

2

1  documents referred to in the complaint, and [the court does] not necessarily assume the truth of

2  legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559

3  F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading

4  liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in

5  the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that

6  the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

7  II.    PLAINTIFF'S AMENDED COMPLAINT IS SUBJECT TO DISMISSAL

8          Plaintiff's Amended Complaint contains very few factual allegations regarding

9  defendant's conduct.  In regards to defendant's conduct that gives rise to liability, plaintiff

10  alleges:

11          SPRING LEAF FIN.CO INC,ILEGALY SOLD PROPERTY AT 420 LAS
            PALMAS AVE IN SACRAMENTO.S.L.F. DISREGARDS SB. 1137
12          INTRODUCING WRONG STATEMENTS TO BC.11U.S.C. 342
            [B][2][A] FORECLOSURE SCAM REPORTED TO DPT OF JUSTICE .
13          . . . UNLAWFUL DETAINER ILLEGALLY POSTED NOTICE ON
            PROPERTY THUS PRESENTING "BAD" PERSON TO
14          NEIGHBOURHOOD INTENT TO INDUCE HARM TO DISABLED
            PERSON.PROPOSAL TO SETLE CASE IS PENDING.
15

16  (Am. Compl. at 2.)

17          Plaintiff alleges five claims for relief against defendant.  First, plaintiff alleges a

18  claim for "Discrimination."  (Am. Compl. at 3.)  Plaintiff only alleges that as a result of

19  defendant's "discriminatory acts," plaintiff suffered damages in the form of "substantial losses in

20  earnings and job benefits."  (Id.)  He further alleges that defendant is "guilty of want disregard of

21  the rights and feelings" of plaintiff.  (Id.)  Plaintiff does not allege that he was employed by

22  defendant, and nothing in plaintiff's Amended Complaint otherwise suggests that plaintiff's

23  claims stem from an employment relationship.

24          Second, plaintiff alleges a claim for "wrongful termination."  (Amended Compl.

25  at 3-4.)  This claim does not appear to be an employment-related claim.  Instead, this claim

26  appears to seek relief based on defendant's alleged violation of an implied covenant of good faith

3

1  and fair dealing under California law.  Plaintiff's claim is premised on unidentified "acts and

2  omissions and conduct stated herein."  (Id. at 4.)

3           Third, plaintiff alleges a claim for "Violation CFRA" (Am. Coml. at 4), which

4  appears to allege a violation of the "California Family Rights Act," also referred to as the

5  "Moore-Brown-Roberti Family Rights Act."  See Cal. Govt. Code §§ 12945.1, 12945.2, 19702.3.

6  These statutory provisions generally concern employers' obligations to grant requests for family

7  care and medical leave under certain circumstances.  It is not at all clear why defendant's act of

8  selling plaintiff's home—apparently after executing a foreclosure—would violate the California

9  Family Rights Act.  Again, nothing in plaintiff's Amended Complaint suggests that plaintiff's

10 claims stem from an employment relationship.

11          Fourth, plaintiff alleges a claim for "Failure to Accommodate Refinancing."  (Am.

12 Compl. at 4-5.)  Plaintiff alleges no factual or legal basis for this claim whatsoever.  Instead,

13 plaintiff simply incorporates prior allegations by reference, all of which shed no light on this

14 claim.

15          Fifth, plaintiff alleges a claim for "Failure to Accommodate Disability," which is

16 premised on defendant's "failure to accommodate [plaintiff's] refinancing."  (Am. Compl. at 5.)

17 Again, plaintiff does not allege what facts give rise to this claim other than allegations regarding

18 plaintiff's "on-going heart related health problem" and an unexplained failure on defendant's part

19 to "accommodate" plaintiff's apparent desire for refinancing of some loan.

20          The undersigned dismisses plaintiff's complaint with leave to amend.  As an

21 initial matter, plaintiff simply has not alleged enough facts to place defendant on notice of its

22 alleged wrongful conduct that gives rise to plaintiff's claims.  Plaintiff alleges only that

23 defendant "illegally" sold a property that appears to have once belonged to plaintiff, and that

24 plaintiff was not permitted to refinance his loan.  Without more, the undersigned cannot order

25 service of the Amended Complaint on defendant.  Plaintiff should pay close attention to the

26 pleading standards set forth above in attempting to file a further amended complaint, and should

4

1  only file a further amended complaint if he believes in good faith that a factual and a legal basis

2  for his claims against defendant actually exists.

3         More fundamentally, plaintiff's Amended Complaint fails to state a basis for this

4  court's subject matter jurisdiction over plaintiff's claims, which is fatal to plaintiff's entire

5  action.  In relevant part, Federal Rule of Civil Procedure 8(a)(1) provides that a complaint "must

6  contain . . . a short and plain statement of the grounds for the court's jurisdiction."  Plaintiff

7  failed to meet this pleading requirement, and his complaint is dismissed on this additional

8  ground.  However, plaintiff is granted leave to file a further amended complaint that alleges a

9  basis for this court's subject matter jurisdiction.  If plaintiff does not believe he can state a good

10  faith basis for this court's subject matter jurisdiction, he should dismiss this case and re-file the

11  action in state court.  The undersigned provides the following guidance for plaintiff's

12  consideration in further amending his complaint.

13         Federal district courts are courts of limited jurisdiction that "may not grant relief

14  absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed

15  to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v.

16  Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also

17  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter

18  jurisdiction, the court must dismiss the action.").  Generally, original federal subject matter

19  jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity

20  jurisdiction.  District courts have federal question jurisdiction over "all civil actions that arise

21  under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

22  under' federal law either where federal law creates the cause of action or 'where the vindication

23  of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

24  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

25  (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

26  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

5

rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).  District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332.

Again, plaintiff has not alleged any basis for this court's subject matter jurisdiction.  Additionally, all of plaintiff's claims appear to be premised on California law, which precludes the exercise of federal question jurisdiction.  Moreover, plaintiff has alleged no facts substantiating that this court possesses diversity jurisdiction over plaintiff's claims.  Accordingly, plaintiff's Amended Complaint is dismissed with leave to amend.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's Amended Complaint (Dkt. No. 5) is dismissed with leave to amend.  Plaintiff is granted 30 days from the date of this order to file a further amended complaint that is complete in itself and that addresses the deficiencies herein.  The further amended complaint must bear the docket number assigned to this case and must be entitled "Second Amended Complaint."  Plaintiff must file an original and one copy of the Second Amended Complaint.  Failure to timely file a further amended complaint in accordance with this order will result in a recommendation that this action be dismissed.[2]

---

[2]  Plaintiff is again advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules,

1   Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make

2   an amended complaint complete.  Eastern District Local Rule 220 requires that an amended

3   complaint be complete in itself.  This requirement is because, as a general rule, an amended

4   complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

5   ("The amended complaint supersedes the original, the latter being treated thereafter as

6   non-existent.").  Accordingly, once plaintiff files the Second Amended Complaint, the original

7   complaint and Amended Complaint no longer serve any function in the case.

8            IT IS SO ORDERED.

9   DATED:  July 19, 2011

10

11                                    _____

12                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

13

14

15   _____

16            and all other applicable law.  All obligations placed on "counsel" by these
         Rules apply to individuals appearing in propria persona.  Failure to comply
17       therewith may be ground for dismissal . . . or any other sanction
         appropriate under these Rules.

18

19   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
     same rules of procedure that govern other litigants.").  Case law is in accord that a district court
20   may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal
     Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to
     comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.
21   See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua
     sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.
22   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
     pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute
23   or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,
     53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
24   for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
     Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
25   any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th
     Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets
26   and may impose sanctions including dismissal).