IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

    Plaintiff,                                        No. 2:11-cv-01758 JAM KJN PS

    v.

SPRING LEAF FINANCIAL SERVICES INC.,

    Defendant.                               FINDINGS AND RECOMMENDATIONS

        Plaintiff is proceeding without counsel and in forma pauperis.[1] Through these findings and recommendations, the undersigned recommends the dismissal of plaintiff's action on the alternative grounds that: (1) plaintiff failed to file a timely Second Amended Complaint and has thus failed to prosecute his action and comply with an order of the court; (2) this action is duplicative of another action filed by plaintiff and is thus frivolous; and (3) this court lacks subject matter jurisdiction over the action.

        In an order entered July 7, 2011, the undersigned granted plaintiff's application to proceed in forma pauperis, screened plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissed plaintiff's complaint with leave to amend. (Order, July 7, 2011, Dkt. No. 4.) On

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

July 18, 2011, plaintiff timely filed an "Amended Complaint" (Dkt. No. 5). The undersigned screened the Amended Complaint, construed as a "First Amended Complaint," and dismissed the First Amended Complaint with leave to amend. (Order, July 20, 2011, Dkt. No. 6.) The undersigned ordered plaintiff to file a Second Amended Complaint no later than August 19, 2011. (See Order, July 20, 2011, at 6-7.) The undersigned warned plaintiff that his failure to file a timely Second Amended Complaint would result in a recommendation that his action be dismissed, and provided plaintiff with the legal authority supporting such a dismissal. (Id. at 6 & n.2.) He was also ordered to plead a basis for this court's subject matter jurisdiction. (Id. at 5-6.)

Plaintiff did not file a Second Amended Complaint. However, on July 25, 2011, plaintiff filed a document entitled "Motion to Show Cause Exemplorary Judiciae Mistake to Avoid De Minimus Non Curat Lex." (Dkt. No. 7.) Although this one-page document is largely unintelligible, it demonstrably does not constitute a Second Amended Complaint. Moreover, it is entirely unclear what relief, if any, is sought through this "motion." Accordingly, the undersigned recommends that this motion be denied.[2]

In light of plaintiff's failure to file a timely Second Amended Complaint despite being clearly warned that such failure would result in a recommendation of dismissal, the undersigned recommends that plaintiff's action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and this court's Local Rules 110 and 183(a). Plaintiff has demonstrated a failure to prosecute his action and also violated the court's July 20, 2011 order. Accordingly, his action should be dismissed. See E. Dist. Local Rules 110, 183(a); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure

---

[2] On August 19, 2011, plaintiff filed a one-page document entitled "Objection to Defendants Oposition [sic]." (Dkt. No. 8.) No defendant has been served in this case or filed any sort of "opposition." The two lines of text included in this "objection" simply request a trial by jury.

41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).[3]

        Additionally, the undersigned recommends that this case be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is duplicative of another action filed by plaintiff against the same defendant in this court: Dean v. Springleaf Financial Services, No. 2:11-cv-01037 FCD KJN PS (E.D. Cal.) ("Dean I").  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)).  In Dean I, plaintiff asserted nearly identical claims against the same defendant, and the court dismissed that action on August 12, 2011, for lack of subject matter jurisdiction. (Dean I, Order, Aug. 12, 2011, Dkt. No. 16.)  Accordingly, the undersigned recommends that this action be dismissed as duplicative of Dean I.

        Morever, similar to Dean I, the undersigned previously found in this action that plaintiff failed to assert a basis for this court's subject matter jurisdiction.  (See Order, July 20, 2011, at 5-6.)  And although the undersigned expressly ordered plaintiff to assert a basis for this court's subject matter jurisdiction, plaintiff failed to do so.  The undersigned concludes that the court lacks subject matter jurisdiction over this action and, for this additional reason, this action

---

[3] The undersigned does not engage in a lengthy discussion of the five factors that are relevant to involuntary dismissals pursuant to Rule 41(b).  See, e.g., Ferdik, 963 F.2d at 1260-61 (stating that the court should consider the following factors when evaluating a Rule 41(b) dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives).  Although these factors favor dismissal of plaintiff's action, no extended discussion of these factors is provided here in light of the multiple grounds for dismissal stated herein.

should be dismissed.

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Motion to Show Cause Exemplorary Judiciae Mistake to Avoid De Minimus Non Curat Lex" (Dkt. No. 7) be denied.

2. Plaintiff's action be dismissed on all of the following alternative grounds:

   a. For failure to prosecute and for a violation of this court's July 20, 2011 order. See Fed. R. Civ. P. 41(b); E. Dist. Local Rules 110, 183(a).

   b. As duplicative of another action filed in this court. See 28 U.S.C. § 1915(e)(2)(B)(i); Cato, 70 F.3d at 1105 n.2.

   c. For lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4